```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| LEONIE SEESING and EQUIGYM, LLC, | )<br>)<br>) |
| Plaintiffs, | )   Civil Case No.<br>)   5:21-cv-26-JMH<br>) |
| v. | )   **MEMORANDUM**<br>)   **OPINION AND ORDER** |
| SAMUEL BODE MILLER and DB DOJO, LLC, | )<br>)<br>) |
| Defendants. | ) |

\*\*\*

This matter comes before the Court on Defendants Samuel Bode Miller and DB DOJO, LLC's ("DB DOJO") Motion to Dismiss [DE 4] pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) for alleged lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted. In addition to Defendants' Motion [DE 4], Plaintiffs Leonie Seesing and Equigym, LLC ("Equigym") move the Court to remand this case to the Bourbon Circuit Court because Defendants' removal of this action was allegedly untimely. [DE 8]. For the following reasons, the Court will grant in part and deny in part Defendants' Motion to Dismiss [DE 4] and deny Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447 [DE 8].

## I. DISCUSSION

This case arises from a joint venture between Seesing and Defendants involving the care and training of thoroughbred horses that allegedly began around May 2014 and ended in January 2017, wherein Seesing claims she was not fully paid for her services and expenses after Defendants terminated her employment. On November 10, 2020, Plaintiffs filed their Complaint [DE 1-1] in Bourbon Circuit Court. However, on January 22, 2021, Miller filed a Notice of Removal [DE 1] in this Court arguing removal is timely because Miller was not formally or properly served under Kentucky law and this Court has subject matter jurisdiction due to the existence of complete diversity of citizenship between the Parties and the amount-in-controversy requirement of 28 U.S.C. § 1332(a) being met. Aside from Seesing and her sole member LLC, Equigym, no other party appears to be a Kentucky resident or citizen, to be incorporated in Kentucky, or to have a principal place of business in Kentucky. Since both Defendants' Motion to Dismiss [DE 4] and Plaintiffs' Motion to Remand [DE 8] concern whether Miller was properly served, the Court will initially consider them together.

### A. SERVICE OF PROCESS

Plaintiffs argue that the Court should remand this matter to the Bourbon Circuit Court because Defendants' removal of this action was allegedly untimely. [DE 8]. Federal courts have limited jurisdiction. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir.

2

1983). If there are any doubts as to whether federal jurisdiction exists, the decision should be construed in favor of remanding the matter to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted); *Allen v. Frasure Creek Mining Co.*, Civil No: 12-110-GFVT, 2012 WL 12924816, at *1 (E.D. Ky. Sept. 19, 2012). In determining whether to remand a case to state court, courts must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

"A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction." *Allen*, 2012 WL 12924816, at *1 (citing 28 U.S.C. §§ 1441, 1446). District courts have original diversity jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "'all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation.'" *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citations omitted); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). The burden of establishing the right to removal is on the removing party. *See Coyne*, 183 F.3d at 493; *Von Wiegan v. Koch*, No. 5:07-125, 2007 WL 2071781, at *2 (E.D. Ky. July 19, 2007) (citation omitted). "The thirty-day window in which Defendants could remove the case to this Court could only be triggered by [the plaintiff's] proper service of process upon the defendants." *Von Wiegan*, 2007 WL 2071781, at *2 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348-49 (1999)). Therefore, before determining whether removal was timely, the Court must first determine whether proper service was effected to begin with.

"When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." *United States v. Real Prop. & Residence Located at 4816 Chaffey Lane*, No. 5:08-CV-410-JMH, 2010 WL 147211, at *2 (E.D. Ky. Jan. 8, 2010) (citation omitted); *see also Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001); *TKT-Nectir Global Staffing, LLC v. Managed Staffing, Inc.*, No. 3:18-CV-099-CHB, 2018 WL 5636163, at *1 (W.D. Ky. Oct. 31, 2018) (citations omitted). Since service was attempted prior to removal,

4

Plaintiffs' arguments regarding service under the Federal Rules of Civil Procedure are misplaced, as "'Kentucky law determines the validity of service in state court prior to the defendant's removal.'" *TKT-Nectir Global Staffing, LLC*, 2018 WL 5636163, at *1 (quoting *Ashford v. Bollman Hat Co.*, No. CIV.A. 10-192-JBC, 2011 WL 127153, at *2 (E.D. Ky. Jan. 14, 2011)). Service of process by the Secretary of State requires that "[t]he Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant *at the address given in the complaint*." KRS 454.210(3)(c) (emphasis added).

Here, as Defendants correctly assert, "[t]he Secretary of State did not mail a summons and copy of Plaintiffs' Complaint to Miller at the address given in Plaintiffs' Complaint." [DE 4, at 17]. Miller's address provided in the Complaint [DE 1-1] is 52 Augusta, Coto de Caza, California 92679. According to Miller's Affidavit [DE 1-2], his address is 53 Augusta, Coto de Caza, California 92679. The Secretary of State mailed the summons and Complaint [DE 1-1] to 52 Augusta, Trabuco Canyon, California 92679, which is neither Miller's address nor an address that exists. [DE 1-3]. However, the summons and Complaint [DE 1-1] were delivered to PO Box Rancho Santa Margarita, California 92688. *Id.* Miller asserts that he did not receive the summons and Complaint [DE 1-1] until a mail carrier hand-delivered them to his mother-in-law

5

who was staying at his home at 53 Augusta, who in turn mailed them to Miller while he was vacationing in Montana with his family. [DE 1-2, at 3].

Put simply, the Secretary of State did not mail the summons and Complaint [DE 1-1] to the address provided in the Complaint [DE 1-1] because the address did not exist, and the summons and Complaint [DE 1-1] were delivered to a PO Box that was not even associated with Miller. That Miller ultimately received the summons and Complaint [DE 1-1] is of no import, insofar as proper service is concerned, because notice of the service or receipt thereof do not effectuate proper service triggering the removal period. *See Von Wiegan*, 2007 WL 2071781, at *2 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999) ("Proper service, not simply notice of the suit by other means, triggers the removal period.")). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros, Inc.*, 526 U.S. at 347-48. Because Miller was not properly served, removal was timely.

Since this action has been removed, "the Court must look to the Federal Rules of Civil Procedure to cure the defects in service." *Smith v. Parks*, No. 5:14-260-KKC, 2015 WL 770337, at *2

6

(E.D. Ky. Feb. 23, 2015) (citing 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1); *see also* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (2d ed. 1987) ("[W]hen one of several defendants was not served prior to removal it has been held that there is no process to 'complete' and new process must be issued pursuant to Rule 4."). Instead of dismissing a removed case, or an individual defendant, due to failure to properly serve a defendant, "'the better practice is to quash insufficient service of process unless it is clear that the plaintiff cannot effect proper service.'" *TKT-Nectir Global Staffing, LLC*, 2018 WL 5636136, at *3 (quoting *Smith v. Kentucky Fried Chicken*, No. CIV.A. 06-426-JBC, 2007 WL 162831, at *3 (E.D. Ky. Jan. 18, 2007)); *see also* 28 U.S.C. § 1448 (authorizing completion of service or issuance of new process pursuant to the Federal Rules of Civil Procedure where process served prior to removal proves to be defective); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (2d ed. 1987) ("The defendant can obtain a dismissal after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal."). There is no indication that Plaintiffs would have any difficulty in properly serving Miller.

Moreover, "Fed. R. Civ. P. 4(m) provides for additional time for a plaintiff to properly serve a defendant even where service

7

has not been timely made." *TKT-Nectir Global Staffing, LLC*, 2018 WL 5636136, at *3 (citing *Capital Delivery, Ltd. v. PJ COMN Acquisition Corp.*, No. 3:11-CV-440-H, 2012 WL 122569, at *2 (W.D. Ky. Jan. 17, 2012)). "Under Fed. R. Civ. P. 4(m), 'the Court must first determine whether there is good cause for Plaintiffs' failure to timely execute service. If not, the Court must determine in its discretion whether to dismiss the action or allow Plaintiffs additional time.'" *Id*. (quoting *Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 753 (E.D. Ky. 2011)). "The plaintiff bears the burden of showing good cause." *Id.* However, "Courts have held that the first sentence of Rule 4(m) allows a district court to extend the time to effectuate service, even absent a showing of good cause." *Smith*, 2015 WL 770337, at *3 (citations omitted). Since it does not appear Miller would be prejudiced by extending the time for Plaintiffs to effectuate service, the Court will exercise its discretion under Fed. R. Civ. P. 4(m) to extend the time for service and give Plaintiffs until August 30, 2021, to effectuate service on Miller. Accordingly, the Court will deny Defendants' Motion to Dismiss [DE 4] in part, insofar as it pertains to their requested dismissal of Plaintiffs claims against Miller due to improper service of process, and deny Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447 [DE 8] in its entirety.

## B. MOTION TO DISMISS

Aside from Defendants' argument that Miller should be dismissed from this action due to improper service of process, Defendants also argue that DB Dojo should be dismissed from this action due to an alleged lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and that both Miller and DB DOJO should be dismissed due to Plaintiffs' alleged failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 1. LACK OF PERSONAL JURISDICTION

"The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n.,* 875 F.2d 1212, 1214 (6th Cir. 1989)). "The plaintiff bears the burden of establishing that jurisdiction exists." *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 929 (6th Cir.1974)). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* (citing *Weller,* 504 F.2d at 930). "Presented with a properly supported 12(b)(2) motion and opposition, the court has three

9

procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citing *Serras,* 875 F.2d at 1214). "The court has discretion to select which method it will follow, and will only be reversed for abuse of that discretion." *Id.* (citing *Michigan Nat. Bank v. Quality Dinette, Inc.,* 888 F.2d 462, 466 (6th Cir. 1989); *Serras,* 875 F.2d at 1214).

Here, the Court agrees with Plaintiffs that Defendants' request that DB Dojo be dismissed from this action due to lack of personal jurisdiction is premature, and it will, therefore, be denied without prejudice. *See Allen v. Ferguson*, 791 F.2d 611, 614-16 (7th Cir. 1986) (finding that a district court erred in deciding a defendant's motion to dismiss for want of personal jurisdiction before determining whether complete diversity existed); *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946 (6th Cir. 2011) (finding that in denying the plaintiffs' motion to remand to state court and granting the defendants' motions to dismiss, the district court had, in essence, decided there were no genuine issues of material fact prior to the parties participating in discovery). For example, and as Plaintiffs correctly assert, "Until discovery is undertaken plaintiffs are unable to conclude when ownership was transferred from Defendant Miller or his agent(s) to DB Dojo." [DE 9, at 6]. While Plaintiffs' Complaint

10

[DE 1-1] is not supported by affidavits regarding jurisdiction, it does include attached "Service Invoices" billing Miller, [DE 1-1, at 23-27], and DB Dojo, [DE 1-1, at 29], for Plaintiffs' alleged services.

The alleged services Seesing provided for DB Dojo include consultation fees for April 2016, May 2016, and June 2016. [DE 1-1, at 29]. Moreover, Plaintiffs allege that after the initial formation of the joint venture agreement between Miller and Seesing, Miller was acting on behalf of the previously undisclosed DB Dojo, [DE 9, at 10], and Seesing "did not even know of the existence of DB Dojo, LLC until sometime after defendants' purchase of the Fair Hill facility and when it came time for payment of the first month's consulting fee," [DE 1-1, at 12]. Discovery is needed before DB Dojo's arguments regarding jurisdiction, including DB Dojo's minimum contacts with Kentucky, or lack thereof, can be proved or disproved. If Defendants wish to move for dismissal due to lack of personal jurisdiction after discovery has concluded, they may do so. It is simply too early in this case to allow DB Dojo to be dismissed as a defendant without first giving Plaintiffs the opportunity to conduct discovery to establish what exactly DB Dojo's actions were and what were merely Miller's individual actions separate from his LLC, DB Dojo. Any potential burden to DB Dojo is alleviated by the fact that Miller, one of its two members, is also a defendant in this action. For the forgoing reasons, the

Court will deny Defendants' Motion to Dismiss [DE 4] without prejudice, insofar as it pertains to lack of personal jurisdiction.

## 2. FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be attacked for failure "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A motion to dismiss is properly granted if it is beyond doubt that no set of facts would entitle the petitioner to relief on his claims." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 333 (6th Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

In the present case, Defendants make several arguments for dismissal for failure to state a claim upon which relief can be granted, and the Court shall consider each argument in turn.

### a. TIMELINESS

Defendants first argue that Count I and portions of Counts IV, V, and VI of Plaintiffs' November 10, 2020, Complaint [DE 1-1] are time-barred because they each have a five-year statute of limitations, so the portions "that are based on fees incurred before November 10, 2015," should be dismissed. [DE 4, at 11-13]. Plaintiffs contend, "[T]here was no "infliction of wrong, no breach of contract" (Counts One and Two), no cause of action for "quantum meruit" (Count Four), no "unjust enrichment" (Count Five) and no breach of promise ("Promissory Estoppel"-Count Six) until after the [January 29, 2017,] invoice was presented and the defendants failed to pay." [DE 9, at 16]. However, Defendants claim that since Plaintiffs admit Miller paid Seesing $10,000.00 without an invoice, Plaintiffs' allegation that the Parties agreed that Seesing would be paid upon presentation of invoices to Miller is somehow negated. [DE 4, at 13]. The Court finds this argument to be deficient. The fact that Miller paid Seesing once without an invoice does not mean that the Parties did not agree that Seesing would be paid upon presentation of an invoice. Instead, it only shows that Miller either paid Seesing at a time when he may not have been obligated to do so or that he paid pursuant to another

13

promise that does not necessarily relieve him of his alleged obligation to pay upon presentation of an invoice. It certainly does not prove that the clock for the claims began to run earlier than the January 29, 2017, invoice.

Defendants' argument that Plaintiffs failed to explain why they "delayed until January 29, 2017," to invoice Miller for fees arising from services provided as far back as 2014 is also lacking. [DE 4, at 13]. As Plaintiffs correctly assert, "No such explanation is required." [DE 9, at 16]. To the extent such an explanation is required, Defendants have failed to cite to such a requirement. Specifically, Defendants fail to show that Plaintiffs were either contractually or legally required to invoice Miller sooner than they did. Therefore, the Court finds that Count I and the portions of Counts IV, V, and VI that are based on fees that incurred before November 10, 2015, are timely.

### b. COUNT III

First, Defendants argue, "Count III, which is a claim for negligent misrepresentation against Miller, fails because it is duplicative of Count I," which is a claim for breach of the joint venture agreement. [DE 4, at 13]. The Parties agree that in Kentucky, a plaintiff generally cannot bring both a breach of contract claim and a tort claim based on the breach of a contractually created duty unless the tort claim is based on a duty that is independent of the contractual obligations. [DE 4, at

14

14 (quoting *Loxodonta Aviation, LLC v. Delta Private Jets, LLC*, No. 19-109-DLB-CJS, 2020 WL 4516829, at *5 (E.D. Ky. Aug. 5, 2020)); DE 9, at 17]. However, "the general rule in Kentucky that a plaintiff may not bring a claim in tort based on the breach of a contractually-created duty does not apply to certain common-law torts, including fraud, that 'were expressly designed to remedy economic loss and thus exist independent of a breach of contract claim.'" *Loxodonta Aviation, LLC*, 2020 WL 4516829, at *6 (permitting a plaintiff to plead both fraud and breach of contract where the fraud allegation stemmed from a defendant's alleged misrepresentations that occurred before and during the contractual period) (quoting *Laurel Grocery Co., LLC v. Freshway, Inc.*, No. 6:18-cv-243, 2019 WL 7290469, at *8 (E.D. Ky. Dec. 30, 2019)). "Fraud claims, 'at bottom,' are based on 'a duty of honesty in qualifying circumstances,' and therefore, 'stand independent of any contract duty.'" *Id*. Therefore, the Court finds that Count III is not duplicative of Count I.

Second, Defendants argue, "Plaintiffs did not plead other requisite aspects of Count III with particularity," as "[a] claim for negligent misrepresentation 'must satisfy Rule 9(b)'s heightened pleading standard to survive dismissal.'" [DE 4, at 14 (quoting *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 248 (6th Cir. 2012))]. "Pursuant to Federal Rule of Civil Procedure 9(b), in any complaint averring fraud or mistake, 'the

15

circumstances constituting fraud or mistake shall be stated with particularity.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Id.* (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citations omitted).

Here, Defendants argue Plaintiffs neither adequately allege when the misrepresentations occurred nor where or in what manner the misrepresentations took place. [DE 4, at 15]. Specifically, Defendants argue that Plaintiffs' claim that the misrepresentations happened during negotiations resulting in the joint venture agreement is insufficient because it does not narrow down when the misrepresentations were made or where they were made. *Id*. Defendants concede that "'Rule 9(b) does not require a plaintiff to identify the exact name or address of the location where the [misrepresentation] occurred,'" but Defendants argue more is required than what Plaintiffs have done. *Id*. at 16 (quoting *Loxodonta Aviation, LLC*, 2020 WL 4516829, at *7-9).

After reviewing Count III, including the paragraphs of the Complaint [DE 1-1] that are incorporated by reference, *see* [DE 1-

16

1, at 3-12, 15-17], the Court finds that Plaintiffs do not properly indicate when Miller made the alleged negligent misrepresentations. Instead, Plaintiffs generally discuss what Seesing and Miller allegedly agreed to when discussing the terms of their agreement and claim Miller failed to deliver on his promises. Alleging misrepresentations were made regarding an agreement is not enough. *See Loxodonta Aviation, LLC*, 2020 WL 4516829, at *9 (citation omitted) (dismissing a negligent misrepresentation claim where the plaintiff stated that the alleged misrepresentations were made "'before entering into the management agreement and during the management term'"). The Court also finds that Plaintiffs fail to sufficiently allege where or in what manner the misrepresentations were made. Plaintiffs discuss negotiations and agreement between Seesing and Miller and various locations where both were located and where Seesing performed parts of the agreement, but Plaintiffs fail to adequately describe where or in what manner the alleged misrepresentations were made. Accordingly, the Court will grant Defendants' Motion to Dismiss [DE 4], insofar as it pertains to the dismissal of Count III for Plaintiffs' failure to plead with particularity.

### c. COUNT V

Lastly, Defendants argue Count V must be dismissed because it is not a cognizable claim. Although, it appears Defendants are referring to Count VI, which is a promissory estoppel claim, and

not Count V, which is a claim for unjust enrichment, as Defendants cite to paragraphs 53 and 54 of the Complaint [DE 1-1, at 19-20], which fall under Count VI. Regardless of whether Defendants are referring to unjust enrichment or promissory estoppel, Plaintiffs are correct that they are entitled to alternative theories of recovery, such as pleading promissory estoppel in addition to their breach of contract claims. *See* [DE 9, at 21-22]; *Boardman Steel Fabricators, Ltd. v. Andritz, Inc.*, No. 14-2-GFVT, 2014 WL 2159743 (E.D. Ky. May 23, 2014) (holding that a plaintiff may maintain a claim for unjust enrichment, or *quantum meruit*, as an alternative theory of recovery to a breach of contract claim); *Son v. Coal Equity, Inc.,* 122 F. App'x 797, 801 (6th Cir. 2004) (holding that the Plaintiff was entitled to plead *quantum meruit* as an alternative theory of recovery); Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). For the foregoing reasons, the Court will not dismiss either Count V or Count VI.

## II. CONCLUSION

The Court, having considered the matters fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

18

(1) Plaintiffs may have until **August 30, 2021,** to properly serve process on Miller;

(2) Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447 [DE 8] is **DENIED**; and

(3) Defendants' Motion to Dismiss [DE 4] is **GRANTED IN PART**, insofar as it pertains to the dismissal of Count III for Plaintiffs' failure to plead with particularity, **DENIED IN PART WITHOUT PREJUDICE,** insofar as it pertains to lack of personal jurisdiction, and **DENIED IN PART WITH PREJUDICE,** insofar at it pertains to the remainder of Defendants' requests for relief.

This 4th day of August, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge